**Arjan SEFERI, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 03–4332–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 24, 2005.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Debra W. Yang, United States Attorney of the Central District of California (Todd

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

T. Tristan, Assistant United States Attorney, Thomas A. Fasel, Law Clerk, on the brief), for Respondent.

Present: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be DENIED.

Petitioner Arjan Seferi, a citizen and national of the Albania, petitions for review of an order of the Board of Immigration Appeals ("BIA") entered on January 27, 2003, affirming an August 30, 2001 decision of an Immigration Judge ("IJ"). The IJ rejected the petitioners' application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal. "We review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable factfinder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted).

 After reviewing the record, we are persuaded that the IJ's adverse findings, relating principally to material implausibilities and omissions in the record, were supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam). While the petitioner argues that this Court should credit his testimony that he was attacked while on his way to a Democratic Party rally by masked men, it is not the function of a reviewing court to hypothesize excuses for inconsistencies in testimony or explain away improbabilities. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004). In light of the inconsistencies and the availability of such documentary evidence as a membership card to the Democratic Party, the IJ's demand for corroborating evidence was not unreasonable. *See Diallo v. INS,* 232 F.3d 279, 285–90 (2d Cir.2000) (holding that it is reasonable to expect corroborating evidence if the documentation at issue was relevant and reasonably available to the petitioner). Because the petitioner is ineligible for asylum, the BIA properly concluded that she could not meet the higher burden of establishing eligibility for withholding of removal. *Zhang,* 386 F.3d at 71. Likewise, the BIA's denial of CAT relief for the petitioner also satisfied the substantial evidence standard. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 134, 144 (2d Cir.2003).

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED.